## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation, | Civ. No. 13-2863 (KM)(MCA) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| SAVITA HOSPITALITY GROUP, INC., a Utah Corporation; ARUN BHULA, an individual; and SMITA A. BHULA, an individual, | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of Plaintiff Days Inns Worldwide, Inc. ("DIW") for default judgment against Defendants Savita Hospitality Group, Inc., Arun Bhula, and Smita A. Bhula, pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, I find that default judgment is appropriate. I will also award compensatory damages.

## I. BACKGROUND

DIW is a corporation organized under the Delaware law and based in New Jersey. (Compl. at ¶ 1 [ECF No. 1]). Savita is a Utah-organized and based corporation, and its principals are Arun and Smita Bhula. (*Id.* at ¶¶ 2-4).

On May 19, 2008, DIW and Savita entered into a 15-year franchise agreement for Savita's operation of a 42-room Days Inn hotel in Rexburg, Idaho. (*Id.* at ¶¶ 9-10). On the same day, DIW and Savita entered into a "Connectivity Equipment Lease and Services Addendum". (*Id.* at ¶¶ 18-19). Arun Bhula signed both the franchise agreement and the addendum on Savita's behalf. (*See id.* at Exs. A-B). In addition, both Arun and Smita Bhula signed a guaranty of all of Savita's obligations under the above agreements, effective the date of the franchise agreement. (*See id.* at Ex. C).

1

The gist of the complaint is that Savita, on May 12, 2011, lost possession of the hotel facility to a third party, effecting a termination of the franchise agreement pursuant to section 11.2 thereof (providing that DIW "may terminate this Agreement, effective when we send written notice to you...when [inter alia]...you discontinue operating the Facility as a "Days Inn"...you lose possession or the right to possession of the Facility..."). (*See id.* at ¶¶ 15, 23; Ex. A at § 11.2).

Further, DIW seeks liquidated damages, which it says defendants owe under the franchise agreement and connectivity addendum upon termination, but have not paid. (*See id.* at ¶¶ 16, 19, 24, 29-36; Ex. A at § 12). It alleges that the amount of liquidated damages is to accord with a formula set forth in the connectivity addendum. (*See id.* at ¶ 19). In its complaint, DIW specified that the amount of liquidated damages was $86,500.

DIW also seeks recurring fees, which it says defendants owe under the franchise agreement, but have not paid. (*See id.* at ¶¶ 11, 41-44; Ex. A at § 7).

As to the liquidated damages and recurring fees it seeks, DIW alleges that it is entitled to prejudgment interest, pursuant to section 7.3 of the franchise agreement. (*See id.* at ¶ 12).

Finally, DIW claims that it is entitled to its attorneys' fees and costs in pursuing these remedies and prevailing, based on section 17.4 of the franchise agreement. (*See id.* at ¶ 17).

DIW served Savita with the summons and complaint by regular and certified mail on August 27, 2013. [ECF No. 8 at p. 10]. DIW served Arun and Smita Bhula with the summons and complaint via process server on September 2, 2013. [ECF No. 7]. Pursuant to Fed. R. Civ. P. 12(a)(1), defendants had 21 days to respond to the complaint; their time to respond expired on September 17 and 23, 2013, respectively. They have not answered or otherwise responded at any point. On DIW's request, the Clerk of Court entered default against all of the defendants on October 10, 2013. On December 13, 2013, DIW filed the now-pending motion for default judgment against all of the defendants.

## II. DISCUSSION

### A. Legal Standard for Entry of Default Judgment

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher,* 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky,* 558 F.Supp.2d 532, 536 (D.N.J. 2008). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe,* 2013 WL 3772532, at * 2.

Before a Court may enter default judgment against a defendant, the summons and complaint must have been properly served, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time frame provided by the Federal Rules, which is 21 days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a). Here, Defendants were properly served but subsequently failed to respond to the complaint. I am satisfied that the service-related prerequisites to default judgment are met. *See Gold Kist, Inc.,* 756 F.2d at 18–19.

I must now evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177

(D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

## B. Analysis

As to the first factor, I am disadvantaged, of course, by the lack of any submission by Defendants. My independent review of the limited record before me, however, reveals no suggestion that DIW's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at * 5. Accepting the factual allegations as true, I readily find that Plaintiffs have stated a claim for breach of the franchise agreement.

"Under New Jersey law, the following elements are necessary in a breach of contract claim: (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) plaintiff performed its own contractual duties." *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 222 (D.N.J. 2008).

I am satisfied that DIW has set forth a legally sufficient claim of breach of contract, and I cannot ascertain, without more, any meritorious defense in Defendants' favor. Simply put, DIW has alleged the existence of a contract; that all of the defendants are bound by its terms and answerable for the consequences of any breach by Savita; that Savita's actions caused the termination of the contract; and that from the breach flowed various types of damages and monetary obligations that remain unpaid. Meanwhile, there are no facts before me indicating that Plaintiff did not perform its own obligations. I find that the second and third factors weigh in favor of default, too.

There is no conclusion to draw but that defendants are liable for Savita's failures under the franchise agreement. Accordingly, I find that the entry of a default judgment is appropriate.

## C. Remedies

Plaintiff alleged its entitlement to several types of remedies, and now seeks three specific types of monetary damages totaling $268,053.67: 1. liquidated damages, with interest ($126,600.40); 2. recurring fees due and owing under the franchise agreement, with interest ($135,858.69); and 3. attorneys' fees and costs ($5,594.58). (*See* Proposed Judgment [ECF No. 9-1]). Plaintiff has set forth some evidence in support of its demands, while

defendants have, obviously, submitted nothing. An *ex parte* "evidentiary hearing" would serve little additional purpose, so I now rule based on the record before me.

With respect to liquidated damages, I find that DIW's request is well founded upon Section 12.1 of the Franchise Agreement (setting liquidated damages at $2000 multiplied by the number of guest rooms), Section 12(c) of the Connectivity of the Addendum (setting an additional $2,500 amount of liquidated damages), and section 7.3 of the Franchise Agreement (establishing a 1.5% interest rate on all unpaid sums).

The liquidated damages rate of $2,000 multiplied by 42 guest rooms yields a figure of $84,000 under the Franchise Agreement. Addition of the $2500 amount set out in the Addendum produces a total of $86,500. (Aff. of Susan Fenimore ¶¶ 24-26 [ECF No. 9-3]). I agree with DIW that the contractual interest rate of 1.5% monthly applies to this liquidated damages sum (*see* Franchise Agreement § 7.3) I disagree, however, as to the date liquidated damages began to accrued. The accrual date, according to DIW, is June 11, 2011, 30 days after Defendant Savita "unilaterally terminated" the agreement by losing possession of the motel. (Fenimore Aff. at ¶ 27; Compl. at ¶¶ 23-24). That approach is inconsistent with the termination provision of the Franchise Agreement. (Franchise Agreement at § 11.2). Under that provision, it was *Plaintiff DIW* that terminated the Franchise Agreement at its option by sending Savita a letter dated June 20, 2011, effectively declaring Savita to be in breach. Accordingly, the liquidated damages accrued 30 days after that letter, on July 20, 2011.

I shall therefore apply the contractual interest rate from July 20, 2011, through today, a period of 1104 days. Interest thus equals $47,096.64. Liquidated damages plus interest therefore totals $133,596.64.

I will not grant DIW's request for all of the recurring fees (set forth in the Franchise Agreement at § 7 and Schedule C thereto, *see also* Compl. ¶ 11) accruing at the Rexburg, Idaho facility from January 2011 through November 2013. I find that this would be duplicative of the liquidated damages. The franchise agreement explicitly provides that "Liquidated Damages are paid in place of our claims for lost **future** Recurring Fees under this Agreement." (Franchise Agreement at § 12.1; emphasis added). Accordingly, DIW may only receive whatever recurring fees were unpaid as of the date of breach. DIW has set forth recurring fees from January 2011 through November 2013; I will

include those accrued through June 2011 only—a total of $13,053.81, inclusive (I believe) of contractual interest through November 25, 2013. (*See* Fenimore Aff. at Ex. E (table of recurring fee charges combined with "finance charges" through date of chart)).

Contractual interest is owed through the date of this judgment. At 1.5% per month, per diem interest is $6.44, and the unaccounted-for period of accrual is 244 days. Thus the total recurring fees due and owing, *including* interest, is $14,624.56.

Finally, as to attorneys' fees and costs, I adopt DIW's analysis, which it supports with evidence of its reasonable attorneys' fees. (*See* Franchise Agreement § 17.4 (giving prevailing party the right to reasonable attorneys' fee recovery); Fenimore Aff. at ¶ 28; Bryan A. Couch, Esq. Aff. at Ex. D). I will thus enter a judgment that includes $5,594.58 in attorneys' fees ($3,900) and costs ($1,694.58), which I find to be proportionate and reasonable.

In closing, it is important to stress the following. A default judgment, by its nature, simply reflects a determination that defendants, by virtue of their default, has refused to contest the well-pled allegations, and will be bound by that refusal.


## III. CONCLUSION

For the foregoing reasons, a default judgment will be entered in favor of Plaintiff Days Inns Worldwide, Inc. A written Order and Judgment will be entered separately.


Dated: July 28, 2014
Newark, New Jersey

**HON. KEVIN MCNULTY**
**United States District Judge**

6